FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2003 OCT 14  P 12: 44

US DISTRICT COURT
HARTFORD CT

| | |
|---|---|
| PUTNAM PARK ASSOCIATES,<br>Plaintiff | CIVIL ACTION NO.<br>3:03CV559 (AVC) |
| V. | |
| PAYCHEX, INC.,<br>Defendant | OCTOBER 14, 2003 |

### PLAINTIFF'S MEMORANDUM OF LAW
### IN OPPOSITION TO MOTION FOR LEAVE TO FILE AMENDED ANSWER AND
### AFFIRMATIVE DEFENSES

Plaintiff Putnam Park Associates submits this Memorandum of Law in opposition to Defendant's Motion for Leave to File Amended Answer and Affirmative Defenses.

At this late stage of litigation, the court should deny leave to add affirmative defenses. The discovery deadline of September 29, 2003 has passed, and plaintiff's deadline of October 30, 2003 for moving for summary judgment is less than three weeks away. Defendant's proposed new affirmative defenses do not simply pose new legal theories, but rest on new factual allegations that by their nature were uniquely within defendant's knowledge more than two years before this litigation was commenced. Defendant is without excuse for its delay in asserting facts so long known to it. In addition, if defendant were permitted to add the proposed new affirmative defenses, plaintiff would be unduly prejudiced by the inability to test the allegations through discovery and to prepare adequately for a motion for summary judgment. Under these circumstances, plaintiff would be unduly prejudiced by the addition of the allegations in defendant's proposed new affirmative defenses. For these reasons, defendant's motion for leave to amend should be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

This action is a simple claim for unpaid rent under the terms of a commercial office lease entered in or about September, 1997 between plaintiff Putnam Park, as Landlord, and defendant, Paychex, as Tenant, and amended by the parties in or about March, 1998 (the "Amended Lease"). As alleged in the complaint, the Amended Lease provided for monthly payments through an amended Termination Date of March 30, 2003, and also provided that there would be no further amendment except by a writing signed by both parties. After vacating the property in November, 2002, four months early, Paychex has refused to pay the four remaining monthly installments of rent.

For its defense, Paychex has relied on a representation that Paychex made in September, 2000 to Putnam Park's prospective mortgagee, Liberty Bank, in a Lease Subordination, Nondisturbance, Attornment and Ratification Agreement dated September 12, 2000 (the "Lease Subordination Agreement"). Paychex' representation was that the initial term of the lease would terminate on November 30, 2000. In its original, operative Affirmative Defenses, Paychex did not allege that Putnam Park was a party to the Lease Subordination Agreement (indeed, Putnam Park was not a party); rather, Paychex asserted only that Putnam Park is estopped from making its claim because Lease Subordination Agreement contained the governing Termination Date (Second Affirmative Defense), and that Putnam Park "ratified" that date by its conduct (Third and Fourth Affirmative Defenses).

Early in the litigation, this Court imposed a deadline of May 27, 2003 (60 days after defendant's petition for removal) for motions to amend the pleadings. See March 28, 2003 Order on Pretrial Deadlines. Thereafter, Paychex expressly declined to request modification of that order. (See Report of Parties' Planning Meeting dated May 8, 2003, section V.A.). Given that

2

background, it is doubtful that the Court's later Scheduling Order was intended to modify the deadline for amending pleadings (See May 20, 2003 Scheduling Order, imposing a deadline of October 30, 2003 for filing all motions except motions in limine.) If such was not the Court's intention, then the deadline for amending the pleadings is long past.

In any event, the discovery deadline of September 29, 2003, has passed; and the deadline of October 30, 2003 for motions for summary judgment is less than three weeks away.

Now that the discovery deadline has passed, Paychex is attempting to assert new affirmative defenses based on the following new allegations of fact regarding its own frame of mind:

- that in executing the Lease Subordination Agreement with Liberty Bank in September, 2000, <u>Paychex believed</u> that Liberty Bank was Putnam Park's agent and had the authority to bind Putnam Park to the termination date that Paychex reported in the Lease Subordination Agreement (see proposed new Sixth and Seventh Affirmative Defenses); and

- that in the circumstances surrounding the execution of the Lease Subordination Agreement, the <u>Paychex and Putnam Park intended</u> to modify the terms of the Amended Lease (see proposed new Eighth Affirmative Defense).

## ARGUMENT

### Defendant's Motion Should be Denied Because Defendant has Unduly Delayed in Seeking to Add the New Affirmative Defenses, and Because Plaintiff Would be Unduly Prejudiced If the Motion Were Granted.

Liberality in freedom to amend "is limited when there is 'undue delay, bad faith or dilatory motive' on the part of the moving party, and "undue prejudice to the opposing party.'" <u>Evans v.</u>

Syracuse City School District, 704 F.2d 44, 46 (2d Cir. 1983). A motion to amend may properly be denied where the party seeking to amend has delayed without excuse, such as when the facts on which the proposed amendment are based were within the movant's possession since the beginning of the dispute. See, e.g., Preferred Meal Systems v. Save More Foods, Inc., 129 F.R.D. 11, 13 (D. DC 1990) (denying motion to amend answer where the discovery deadline has passed, amendment would require additional discovery, and movant had no explanation for its delay); Kirlin v. Conopco, Inc., 1996 WL 263026 (S.D.N.Y. 1996) (same). Such is the case here.

The proposed new defenses do assert new allegations of fact, contrary to Defendant's claim. The proposed allegations that Paychex intended to modify the Amended Lease when it executed the Lease Subordination Agreement in September of 2000, and that it believed Liberty Bank was empowered as Putnam Park's agent for that purpose, are entirely new.[1] Moreover, the new proposed allegations relate to Paychex' own intentions and frame of mind in September, 2000, more than three years ago and more than two years before this action was commenced. Since that is so, Paychex' current assertion that its additional affirmative defenses were "discovered during Paychex' defense of Putnam Park's claims" (see Motion to Amend, para. 4) is simply not true. There is nothing that Paychex "discovered," or could have discovered, during the course of litigation that

---

[1] The elements of Paychex' original defense of "ratification" are whether Putnam Park affirmed a prior act that did not bind it. See, Community Collaborative of Bridgeport, Inc. v. Ganim, 241 Conn. 546, 561, 698 A.2d 245 (1987). While such a defense might involve Putnam Park's state of knowledge and frame of mind post-dating the Lease Subordination Agreement, it does not involve Paychex' state of mind.. And the elements of Paychex' original defense of "estoppel" require Paychex to show that "it did not know the true [termination date] and that it lacked any reasonably available means of acquiring knowledge." See Edart Truck Rental Corporation v. B. Swirsky and Company, Inc., 23 Conn. App. 137, 141-42, 579 A.2d 133 (1990).

could shed light on the "beliefs" and "intentions" that it now says it acted on more than two years before this action was commenced. Since Paychex is without explanation for its belated attempt to amend its pleading, the motion should be denied. See, Preferred Meal Systems, supra, and Kirlin, supra.

Moreover, Putnam Park would be unduly prejudiced by an order granting permission to add the proposed affirmative defenses. The September 29, 2003 discovery deadline has passed, leaving Putnam Park without opportunity to pursue discovery related to the new factual allegations. In addition, because the current summary judgment deadline of October 30, 2003 is less than three weeks away, the addition of new affirmative defenses at this juncture would leave Putnam Park without meaningful opportunity to prepare a motion for summary judgment directed to those allegations. Because Paychex has unduly delayed, and because the late amendment would cause a new wave of discovery, the motion to amend should be denied. Id.

For the foregoing reasons, plaintiff respectfully submits that the defendant's motion to amend should be denied.

                                        **PUTNAM PARK ASSOCIATES,**
                                        **PLAINTIFF**

By _____
    Alan Robert Baker
    Federal Bar No. (ct 05623)
    Baker O'Sullivan & Bliss PC
    Suite 100, 100 Great Meadow Rd.
    Wethersfield, CT 06109
    (860) 258-1993
    (860) 258-1993
    Its Attorneys

## CERTIFICATION OF SERVICE

I hereby certify that on October 14, 2003, copies of the foregoing were mailed, postage prepaid, to the defendant's counsel of record as follows:

Joseph Ward, Esq.
Edward Diaz, Esq.
Holland & Knight LLP
222 Lakeview Avenue
Suite 1000
West Palm Beach, FL 33401

And a copy was mailed, postage prepaid to:

Jodi Zils Gagne, Esq.
Pepe & Hazard, LLP
Goodwin Square
225 Asylum Street
Hartford, CT  06103-4302

Alan Robert Baker (ct05623)