UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PUTNAM PARK ASSOCIATES,<br><br>    Plaintiff,<br><br>V.<br><br>PAYCHEX, INC.<br><br>    Defendant. | CIVIL ACTION NO:<br>3:03CV559 (AVC)<br><br><br><br><br><br>October 21, 2003 |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Paychex, Inc. ("Paychex"), pursuant to Rule 15, Federal Rules of Civil Procedure, and Rule 7(d) of the District of Connecticut Local Rules of Civil Procedure, submits this reply to Plaintiff Putnam Park Associates's ("Putnam Park") Memorandum of Law in Opposition to Paychex's Motion for Leave to file Amended Answer and Affirmative Defenses.[1]

I.  **The Amendment Sought By Paychex Does Not Include New Factual Allegations and Does Not Unduly Prejudice Putnam Park**

Putnam Park proclaims that the affirmative defenses Paychex seeks to add in its amended answer (the "Additional Affirmative Defenses") "rest on new factual allegations," and that allowing the amendment sought would unduly prejudice Putnam Park due to an

---

[1] Paychex believes that the proposed affirmative defenses are subsumed by the defenses contained in its initial Answer. However, in an abundance of caution, Paychex sought leave to amend to add the affirmative defenses at issue.

JZG/32340/2/651827v1
10/21/03-HRT/

"inability to test the allegations through discovery and to prepare adequately for a motion for summary judgment." Plaintiff's Memorandum at 1. Putnam Park's claims are unsupportable.

As discussed in Paychex's Motion for Leave to File Amended Answer and Affirmative Defenses ("Motion to Amend"), the Additional Affirmative Defenses all originate from the same underlying facts giving rise to the affirmative defenses contained in Paychex's initial Answer. The Additional Affirmative Defenses simply frame Paychex's initial defenses with greater particularity; they do not introduce any new factual allegations, nor do they require any new discovery.

- **Sixth Affirmative Defense**

Paychex's existing Second Affirmative Defense asserts that the Lease Subordination "contains the governing termination date of the lease."[2] Defendant's Answer and Affirmative Defenses at 4. The existing Fifth Affirmative Defense contends that Putnam Park assigned the lease to Liberty Bank. Answer at 4-5. The proposed Sixth Affirmative Defense simply restates this defense with more specificity by identifying Liberty Bank as Putnam Park's "agent and/or assign." The Sixth Affirmative Defense is rooted in the same facts as the existing defense: the attendant circumstances surrounding the execution of the Lease Subordination.

Putnam Park has been well aware, throughout this litigation, of Liberty Bank's involvement in the underlying facts of this case. Indeed, the Report of Parties' Planning Meeting, filed on May 8, 2003, expressly states: "Liberty Bank, the other signatory to the Lease Subordination, was an agent of Putnam Park for purposes of the Lease Subordination and had actual or apparent authority to act on Putnam Park's behalf through the Lease

---

[2] Putnam Park incorrectly states: "Paychex' representation was that the initial term of the lease would terminate on November 30, 2000." Plaintiff's Memorandum at 2. In fact, it was Putnam Park's agent, Liberty Bank, which represented in the Lease Subordination that the termination date was November 30, 2000.

2

Subordination, including establishing a termination date for the lease." Report of Parties' Planning Meeting at 4 ¶ B. Thus, as early as May 2003, Putnam Park was made aware that Paychex believed Liberty Bank acted as an agent for Putnam Park. Putnam Park's assertions to the contrary are simply unavailing. The proposed Sixth Affirmative Defense is wholly encompassed by the defenses raised by Paychex over five months ago.

- **Seventh Affirmative Defense**

The existing Third Affirmative Defense and Fourth Affirmative Defense contend that Putnam Park ratified the termination date contained in the Lease Subordination by its course of conduct. Answer at 4. The proposed Seventh Affirmative Defense merely refines this ratification defense, and does not rely on any new facts previously unknown to Putnam Park, and does not require any additional discovery.

- **Eighth Affirmative Defense**

The existing Third Affirmative Defense and Fourth Affirmative Defense contend that Putnam Park ratified the termination date contained in the Lease Subordination by its course of conduct. Answer at 4. The proposed Eighth Affirmative Defense simply clarifies that the parties' course of conduct modified the lease termination date, and does not rely on any new facts previously unknown to Putnam Park.

Since the Additional Affirmative Defenses arise from the same facts as the defenses asserted in Paychex's initial Answer, and directly relate to those existing defenses, they do not expand the scope of discovery in this case. As a result, Putnam Park's claim that it has not had the opportunity to test the allegations through discovery appears disingenuous. The Additional Affirmative Defenses crystallize the defenses contained in Paychex's initial Answer,

succinctly stating the defenses in a clearer fashion. Putnam Park's bald claim that allowing the Additional Affirmative Defenses "would cause a new wave of discovery,"[3] is without foundation, and indeed, holds no water.

Additionally, granting the amendment sought will not "leave Putnam Park without meaningful opportunity to prepare a motion for summary judgment directed to those allegations,"[4] because Putnam Park has received all necessary information relating to the defenses, including applicable documents, through the over four month discovery period in this case. Simply put, Putnam Park has not met its burden of showing undue prejudice from the amendment sought by Paychex, and no such undue prejudice will result.

## II. Paychex Has Not Unduly Delayed in Seeking to Amend Its Answer to Add the Additional Affirmative Defenses

Putnam Park tries to cloud the issue by contending that Paychex has unduly delayed seeking to add the Additional Affirmative Defenses, and that since the defenses concern Paychex's "own frame of mind," Paychex's contention that the defenses were discovered during its defense of Putnam Park's claims cannot be true. Plaintiff's Memorandum at 3 & 4. The Court should not be distracted by this red herring. There is no undue delay,[5] and the

---

[3] Plaintiff's Memorandum at 5
[4] Plaintiff's Memorandum at 5
[5] The March 28, 2003 Order on Pretrial Deadlines provides generally that motions relating to amendment of the pleadings should be filed within 60 days after the filing of the complaint or the filing of a petition for removal. However, District of Connecticut Local Rule 26(e)(2) specifically provides that after the parties' scheduling conference "the Court will issue a written scheduling order pursuant to Fed. R. Civ. P. 16(h)," and the standing Order on Pretrial Deadlines only governs the case "[u]ntil such a scheduling order is issued" by the Court. Additionally, Local Rule 16(b) provides that "the Court . . . shall enter a scheduling order that limits the time: (1) to join other parties and to amend the pleadings . . . ."

On May 20, 2003, the Court issued its Scheduling Order pursuant to Local Rule 16(b). The Scheduling Order provides that discovery shall be completed by September 29, 2003, and "all motions, except motions in limine incident to a trial, shall be filed on or before October 30, 200[3]." (emphasis added). Since Paychex filed its Motion for Leave to Amend on October 7th, the motion is timely pursuant to the Court's Scheduling Order.

4

additional affirmative defenses do not allege or depend on Paychex's "frame of mind," but rather both parties' course of conduct subsequent to the First Amendment of Lease.

Putnam Park cannot seriously contend that the parties' conduct was "uniquely within [Paychex's] knowledge." Plaintiff's Memorandum at 1. Putnam Park has been on notice since the inception of this litigation that Paychex believes that the termination date of the lease was November 30, 2002, and the reason for this has been fully developed through discovery. The amendment sought is entirely consistent with this belief. Despite Putnam Park's statement to the contrary, the Additional Affirmative Defenses did come to light during Paychex's defense of Putnam Park's claims. For instance, the proposed Eighth Affirmative Defense that the parties' course of conduct modified the lease termination date is supported by documents that Paychex obtained from Putnam Park in response to Paychex's request for production, including a series of emails between the parties regarding Paychex's move-out of the premises, and correspondence regarding Putnam Park's negotiations with prospective tenants while Paychex still occupied the premises. Putnam Park's objection to Paychex's Motion to Amend is unreasonable.

### III. The Cases Cited in Putnam Park's Memorandum are Distinguishable from this Case and Do Not Support a Denial of the Amendment Sought

Putnam Park relies on *Evans v. Syracuse City School District*, 704 F.2d 44 (2d Cir. 1983), to support its contention that the Court should deny Paychex's motion for leave to amend. *Evans* is readily distinguishable from the case at bar. In *Evans*, a Title VII discrimination action, the defendant filed its answer to the complaint on July 3, 1979. Discovery was completed in December, 1981. After two pretrial conferences in December 1981 and June 1982, the trial was scheduled to begin on August 30, 1982. *Id.* at 46-47. The

defendant did not move to amend its answer until August 24, 1982, eight months after the discovery deadline and six days before the trial date. *Id.* at 46.

The *Evans* court held that the defendant should not have been permitted to amend its answer so late in the proceedings because "it was not until after two pretrial conferences, and only six days before the scheduled trial date that defendant made its motion to amend." *Id.* at 47. In clear contrast, Paychex filed its motion to amend in this action on October 7, 2003, well before the October 30th deadline for filing motions other than motions in limine, and two months before the December 31, 2003 "ready for trial" date established by the Court's Scheduling Order.

Putnam Park's reliance on *Kirlin, Inc. v. Conopco, Inc.*, 1996 WL 263026 (S.D.N.Y. May 16, 1996), and *Preferred Meal Systems v. Save More Foods, Inc.*, 129 F.R.D. 11 (D.C.D.C. 1990), is equally misplaced. *Kirlin*, a District Court of New York opinion not binding on this Court, found undue delay justifying denial of the plaintiff's motion to amend where (1) the amendment was sought more than two years after the initial complaint was filed, (2) the complaint had already been amended by the plaintiff, and (3) the amendment sought would expand the scope of discovery. *Id.* at *2. In the instant case, Paychex filed its motion to amend only a few months after its original answer was filed and only seven months after Putnam Park filed its complaint; Paychex has never before amended its answer in this action; and, as discussed *supra*, the amendment sought would not expand the scope of discovery.[6] *Kirlin* does not support Putnam Park's position.

---

[6] As a basis for denying leave to amend, the *Kirlin* court also noted that the amendment would require the defendant to go back and re-depose numerous witnesses. This concern is inapplicable in the case at bar. Putnam Park has not conducted a single deposition in this case. Thus, even if the amendment sought by Paychex

6

Likewise, *Preferred Meal Systems*, a District of Columbia District Court opinion, is distinguishable and not controlling in the case at bar. *Preferred Meal Systems* involved a defendant's request to amend to add a defense of lack of privity of contract in a breach of contract action. The District of Columbia court denied the request to amend, reasoning that the amendment sought "is hardly a minor change, especially considering that this is . . . a breach of contract action." *Id.* at 12. Additionally, the amendment sought by the *Preferred Meal Systems* defendant actually retracted admissions that the defendant made in his original Answer, and those admissions had been "an important part of the record in this case for almost two and one-half years . . . ." *Id.* Conversely, the amendment sought by Paychex does not alter the posture of this case and does not retract or otherwise impact any admissions made in Paychex's original answer. Notably, this case has been pending since only late February of this year. Accordingly, the cases cited by Putnam Park do not support a denial of the amendment sought by Paychex.

Based on all of the foregoing, and Paychex's Motion for Leave to File Amended Answer and Affirmative Defenses, Paychex, Inc. respectfully requests that the Court enter an Order granting it leave to amend its answer and affirmative defenses.

---

expanded the scope of discovery (which, as discussed *supra*, it does not), it would not require Putnam Park to re-depose any witnesses.

DEFENDANT: PAYCHEX, INC.

By: _____
Doug Steinmetz, Ct02668
Jodi Zils Gagné, Ct24376, of
PEPE & HAZARD, LLP
225 Asylum Street
Goodwin Square
Hartford, CT 06103
(860) 522-5715
(860) 522-2796 (fax)

*and*

Edward Diaz
Florida Bar No. 988091
Joseph J. Ward
Florida Bar No. 0144924
HOLLAND & KNIGHT LLP
222 Lakeview Avenue
Suite 1000
West Palm Beach, FL 33401
(561) 833-2000
(561) 650-8399 (fax)

JZG/32340/2/651827v1
10/21/03-HRT/

## **CERTIFICATION**

THIS IS TO CERTIFY THAT a copy of the foregoing was mailed via first class mail, postage prepaid, this 21st day of October 2003, to:

**COUNSEL FOR PLAINTIFF, PUTNAM PARK ASSOCIATES:**
Michelle M. Seery, Esq.
100 Great Meadow Road
Suite 100
Wethersfield, CT 06109

_____
Jodi Zils Gagné

JZG/32340/2/651827v1
10/21/03-HRT/