UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PUTNAM PARK ASSOCIATES, )
)
)

3:03CV559 (AVC). November 17, 2003. This is an action for damages arising out of an alleged default on a business lease. On September 29, 2003, the discovery period in this matter closed. On October 14, 2003, the defendant filed the within motion to amend the answer and add three new affirmative defenses, arguing that the court should authorize the amendment because the plaintiff cannot show prejudice arising therefrom. In this regard, the defendant asserts that no additional discovery will be required by the amendment because the additional defenses are based on the same operative facts as the pre-existing affirmative defenses. In the plaintiff's view, however, the new affirmative defenses involve new allegations of fact that, if permitted, would require a re-opening of discovery and thereby cause prejudice. Having reviewed the submissions of counsel and the relevant authority, the court concludes that Fed. R. Civ. P. 15(a) authorizes the amendment. Under Rule 15(a), leave to amend is "freely given when justice so requires." Id. The rule favors authorizing an amendment unless there is a "showing by the non-moving party of bad faith or undue prejudice." State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981). Undue prejudice may be found where a nonmoving party can show lack of "the opportunity to present facts or evidence which it would have offered had the amendment[] been timely." Cuffy v. Getty Refining & Marketing Co., 648 F. Supp. 802, 806 (D.Del. 1986). In this case, there is no allegation of bad faith, and the court perceives no prejudice to the plaintiff in authorizing the amendment. The amendment adds new allegations concerning the defendant's state of mind, that is, that under the circumstances of this matter, the defendant believed that a third party (Liberty Bank) was the plaintiff's agent and had the authority to bind the plaintiff to an agreement, and that under the circumstances, the parties intended to modify the lease agreement. These new allegations will not require additional fact discovery because they simply propose a conclusion based on an assessment of the already discovered circumstances. Further, to the extent the plaintiff asserts that it lacked notice of the defense, the court notes that, during discovery, the parties filed a Rule 26(f) report in which the defendant specifically stated that, with respect to the third party at issue, (Liberty Bank), that Liberty Bank "was an agent of [the plaintiff] for purposes of [the agreement], and had actual or apparent authority to act on [the plaintiff's] behalf. . ." For these reasons, the court perceives no prejudice to the plaintiff in authorizing the leave requested and, accordingly, the motion to amend is GRANTED.

SO ORDERED.

Alfred V. Covello, U.S.D.J