United States District Court
District of Connecticut
FILED AT HARTFORD
11/17/03     19
Kevin F. Rowe, Clerk
By: /s/ JWalker
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PUTNAM PARK ASSOCIATES,<br><br>   Plaintiff,<br><br>V.<br><br>PAYCHEX, INC.<br><br>   Defendant. | CIVIL ACTION NO:<br>3:03CV559 (AVC)<br><br><br><br>October 7, 2003 |

### DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Paychex, Inc. ("Paychex") submits its amended answer to Plaintiff's Complaint and states as follows:

#### Count I

1. Paragraph 1 of the Complaint is admitted for jurisdictional purposes only.

2. Paragraph 2 is admitted.

3. Paychex is without knowledge, and therefore denies, the allegations of paragraph 3.

4. With respect to paragraph 4, Paychex answers that the lease speaks for itself.

5. With respect to paragraph 5, Paychex answers that the lease speaks for itself.

6. With respect to paragraph 6, Paychex answers that the document speaks for itself.

7. With respect to paragraph 7, Paychex answers that the lease speaks for itself.

JZG/32340/2/649822v1
10/07/03-HRT/

19. Paragraph 19 is denied.

20. With respect to paragraph 20, Paychex admits that Plaintiff made demand upon Paychex on or about January 28, 2003 for payment of rent allegedly owed by Paychex. With regard to whether such demands were made pursuant to section 24 of the Office Lease, Paychex answers that the document speaks for itself.

21. Paragraph 21 is denied.

22. Paragraph 22 is denied.

23. Paychex is without knowledge, and therefore denies, the allegations of paragraph 23.

24. Paragraph 24 is denied.

### Count II

1. With respect to paragraph 1 of Count II, Paychex realleges and incorporates its responses to paragraphs 1-24 as if set forth herein.

25.[1]  Paragraph 25 is denied.

26. With respect to paragraph 26, Paychex denies that Paychex made the Extra Tenant Improvements pertaining to Suite 202 at Paychex's request and for Paychex's benefit. Paychex admits the remaining allegations of paragraph 26.

27. Paychex is without knowledge, and therefore denies, the allegations of paragraph 27.

28. Paychex is without knowledge, and therefore denies, the allegations of paragraph 28.

---

[1] Count II of Plaintiff's Complaint skips from paragraph 1 to paragraph 25. Paragraphs 2-24 are not delineated in Count II.

3

29. Paragraph 29 is denied.

30. Paragraph 30 is denied.

31. Paragraph 31 is denied.

### AFFIRMATIVE DEFENSES

### COUNT I

*First Affirmative Defense as to Count I*

Plaintiff's Complaint fails to state a legally cognizable cause of action for breach of contract against Paychex and should therefore be dismissed.

*Second Affirmative Defense as to Count I*

Plaintiff is estopped from pursuing its breach of contract claim against Paychex because the Lease Subordination, Nondisturbance, Attornment and Ratification Agreement dated September 12, 2000 ("Lease Subordination") contains the governing termination date of the lease.

*Third Affirmative Defense as to Count I*

Plaintiff waived its claim for breach of contract, and is estopped from pursuing such a claim against Paychex, because Plaintiff ratified the termination date established in the Lease Subordination by inducing and encouraging Paychex to execute the Lease Subordination, and by knowingly accepting benefits derived from Paychex's execution of the Lease Subordination.

*Fourth Affirmative Defense to Count I*

Plaintiff is estopped from pursuing its claim for breach of contract against Paychex because Plaintiff ratified the termination date established by the Lease Subordination through Plaintiff's conduct subsequent to the execution of the Lease Subordination.

4

*Fifth Affirmative Defense as to Count I*

Plaintiff is estopped from pursuing its claim for breach of contract against Paychex because Plaintiff assigned the lease to Liberty Bank, through the Lease Subordination, as collateral security for its mortgage loan.

*Sixth Affirmative Defense as to Count I*

Liberty Bank acted as Putnam Park's agent and/or assign with regard to the Lease Subordination by entering into the Lease Subordination with Paychex with the actual or apparent authority of Putnam Park, and Putnam Park either intended for Paychex to believe that Liberty Bank had such authority or should have known that its conduct was likely to create such belief by Paychex. Further, Paychex, acting in good faith, reasonably believed under all the circumstances that Liberty Bank had the necessary authority to bind Putnam Park to the termination date contained in the Lease Subordination.

*Seventh Affirmative Defense as to Count I*

Putnam Park, through its conduct and/or silence, ratified the acts of its agent, Liberty Bank, with regard to the establishment of the termination date pursuant to the Lease Subordination, by knowingly accepting the termination date or standing silent with the knowledge of the termination date and thereby affirming the termination date reflected in the Lease Subordination and related documents.

*Eighth Affirmative Defense as to Count I*

The parties modified the Amended Lease through their conduct subsequent to the execution of the Amended Lease, including but not limited to the conduct and attendant

circumstances surrounding execution of the Lease Subordination, such that the parties intended to, and did, modify the termination date of the Amended Lease.

## COUNT II

### *First Affirmative Defense as to Count II*

Plaintiff's Complaint fails to state a legally cognizable cause of action for quantum meruit against Paychex and should therefore be dismissed.

### *Second Affirmative Defense as to Count II*

Plaintiff is estopped from pursuing its quantum meruit claim against Paychex because under the Lease Subordination, the termination date of the lease is November 30, 2002.

### *Third Affirmative Defense as to Count II*

Plaintiff's damages herein, if any, were proximately caused by the acts or omissions of some third party or parties over whom Paychex had no dominion or control, including, but not limited to, non-party Liberty Bank, and Plaintiff's recovery, if any, must be reduced by that percentage of fault attributable to said third party or parties.

### *Fourth Affirmative Defense as to Count II*

Plaintiff waived its claim for quantum meruit, and is estopped from pursuing such a claim against Paychex, because Plaintiff ratified the termination date established in the Lease Subordination by inducing and encouraging Paychex to execute the Lease Subordination, and by knowingly accepting benefits derived from the execution of the Lease Subordination.

### *Fifth Affirmative Defense as to Count II*

Plaintiff is estopped from pursuing its claim for quantum meruit against Paychex because Plaintiff ratified the termination date established by the Lease Subordination through

6

Plaintiff's conduct subsequent to the execution of the Lease Subordination, including, but not limited to, correspondence prepared and mailed by Plaintiff proposing to extend the term of the Lease providing a commencement date of December 1, 2002.

### *Sixth Affirmative Defense as to Count II*

Liberty Bank acted as Putnam Park's agent and/or assign with regard to the Lease Subordination by entering into the Lease Subordination with Paychex with the actual or apparent authority of Putnam Park, and Putnam Park either intended for Paychex to believe that Liberty Bank had such authority or should have known that its conduct was likely to create such belief by Paychex. Further, Paychex, acting in good faith, reasonably believed under all the circumstances that Liberty Bank had the necessary authority to bind Putnam Park to the termination date contained in the Lease Subordination.

### *Seventh Affirmative Defense as to Count II*

Putnam Park, through its conduct and/or silence, ratified the acts of its agent, Liberty Bank, with regard to the establishment of the termination date pursuant to the Lease Subordination, by knowingly accepting the termination date or standing silent with the knowledge of the termination date and thereby affirming the termination date reflected in the Lease Subordination.

### **Reservation of Right to Supplement Defenses**

Paychex reserves the right to supplement this Answer with additional defenses that are learned in the course of discovery.

DEFENDANT: PAYCHEX, INC.

By: /s/
Doug Steinmetz, Ct02668
Jodi Zils Gagné, Ct24376, of
PEPE & HAZARD, LLP
225 Asylum Street
Goodwin Square
Hartford, CT 06103
(860) 522-5715
(860) 522-2796 (fax)

*and*

Edward Diaz
Florida Bar No. 988091
Joseph J. Ward
Florida Bar No. 0144924
HOLLAND & KNIGHT LLP
222 Lakeview Avenue
Suite 1000
West Palm Beach, FL 33401
(561) 833-2000
(561) 650-8399 (fax)

8

## CERTIFICATION

THIS IS TO CERTIFY THAT a copy of the foregoing was mailed via first class mail, postage prepaid, this 7th day of October, 2003, to:

**COUNSEL FOR PLAINTIFF, PUTNAM PARK ASSOCIATES:**
Michelle M. Seery, Esq.
100 Great Meadow Road
Suite 100
Wethersfield, CT 06109

_____
Jodi Zils Gagné

9